UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JUIVONNE LITTLEJOHN,

          Petitioner,          Case No. 1:21-cv-739

v.                                      Honorable

K. TASKILA,

          Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2241.[1] Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After

---

[1] Although Petitioner brings his action under 28 U.S.C. § 2241, habeas corpus actions brought by "a person in custody pursuant to the judgment of a State court" are governed by 28 U.S.C. § 2254. *Id.* Section 2254 "'allows state prisoners to collaterally attack either the imposition *or* the execution of their sentences[.]'" *Bailey v. Wainwright*, 951 F.3d 343, 348 (6th Cir. 2020) (Stranch, J., dissenting) (quoting *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336–37 (6th Cir. 2006). As a consequence, Petitioner's filing is subject to all of the requirements that apply to a petition filed under § 2254. Moreover, § 2241 petitions by state prisoners are subject to the rules governing § 2254 petitions. *See* Rule 1(b), Rules Governing § 2254 Cases.

undertaking the review required by Rule 4, the Court will dismiss the petition for failure to raise a meritorious federal claim.

## Discussion

### I. Factual allegations

Petitioner Juivonne Littlejohn is incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Michigan. Following a jury trial in the Ingham County Circuit Court, Petitioner was convicted of first-degree murder, in violation of Mich. Comp. Laws § 750.316, and armed robbery, in violation of Mich. Comp. Laws § 750.529. On August 18, 1982, the court imposed a sentence of 40 to 60 years on the armed robbery conviction and life imprisonment on the murder conviction.[2]

On July 29, 2021, Petitioner filed his habeas corpus petition. The present petition is his third in the last year. In *Littlejohn v. Whitmer et al.*, No. 2:20-cv-130 (W.D. Mich.) (*Littlejohn III*), Petitioner sought habeas relief under 28 U.S.C. § 2241, claiming that the risk of infection arising from the COVID-19 pandemic[3] had put Petitioner in imminent danger. *Littlejohn III* (Pet., ECF No. 1, PageID.9.)[4] Petitioner asked the Court to order Michigan Governor Gretchen Whitmer to commute his sentence; Petitioner sought immediate release from custody.

---

[2] Since his incarceration on the murder and armed robbery convictions, Petitioner has twice been convicted of offenses committed while in prison. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=141899 (visited August 30, 2021).

[3] In *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), the Sixth Circuit described the COVID-19 problem as follows:

> The COVID-19 virus is highly infectious and can be transmitted easily from person to person. COVID-19 fatality rates increase with age and underlying health conditions such as cardiovascular disease, respiratory disease, diabetes, and immune compromise. If contracted, COVID-19 can cause severe complications or death.

*Wilson*, 961 F.3d at 833.

[4] Petitioner filed the habeas petition only after filing two civil rights cases seeking similar relief. Both of those cases were dismissed for failure to pay the filing fee. *Littlejohn v. Whitmer et al.*, No. 2:20-cv-39 (W.D. Mich.) (*Littlejohn I*); *Littlejohn v. Whitmer et al.*, No. 2:20-cv-112 (W.D. Mich.) (*Littlejohn II*).

The Court dismissed *Littlejohn III* without prejudice because Petitioner had failed to exhaust his state court remedies. *Littlejohn III* (Op., ECF No. 6.) The Court identified three procedural devices Petitioner might use to present his COVID-19-related claims for release in the state courts. Petitioner reported in his petition that he had sought such relief in the Ingham County Circuit Court under his criminal case number by way of emergency motion, but that the court had not ruled on that motion at the time his petition was filed in this Court.

The Court presumed that Petitioner sought such relief as a motion for relief from judgment under Michigan Court Rule 6.500 *et seq.,* and advised Petitioner he would have to await the state court's ruling on the motion and, if the motion were denied, that he would have to seek leave to appeal in the Michigan Court of Appeals and the Michigan Supreme Court to fully exhaust his state court remedies. The Court dismissed the petition without prejudice to permit Petitioner to completely exhaust his state court remedies.

Shortly after that dismissal, Petitioner filed his next habeas petition, *Littlejohn v. Taskila*, No. 2:20-cv-197 (W.D. Mich.) (*Littlejohn IV*). *Littlejohn IV*, however, did not seek immediate release because of the threat of COVID-19. Instead, in *Littlejohn IV*, Petitioner attacked the constitutionality of his conviction, nearly 40 years after the verdict. The Court dismissed the petition as untimely. *Littlejohn IV* (Op., ECF No. 3; Judgment, ECF No. 9.)

The Court's presumption that Petitioner had sought COVID-19-related relief in the Ingham County Circuit Court by way of a motion for relief from judgment was wrong. Petitioner had sought such relief by way of a motion for release on bond pending appeal. At the time Petitioner filed the motion, he contended that he was pursuing an appeal of the Ingham County Circuit Court's prior order denying a motion for relief from judgment. *Littlejohn IV* (Ingham Cnty. Cir. Ct. Op. & Order, ECF No. 1-1, PageID.80–84.)

3

The trial court denied Petitioner's motion for release on bond by order entered August 4, 2020.  *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=355040&CourtType_CaseNumber=2 (visited August 30, 2021).  Petitioner reports that the Court denied the motion because "Defendant did not have an appeal pending." (Pet., ECF No. 1, PageID.10.)  Review of the Michigan appellate court dockets reveals that to be true.[5]

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals the trial court's denial of his motion for release on bond.  The court of appeals denied leave, and a renewed motion for release on bond pending appeal, by order entered March 4, 2021. *People v. Littlejohn*, No. 355040 (Mich. Ct. App. Mar. 4, 2021), available at http://publicdocs.courts.mi.gov/coa/public/orders/2021/355040_13_01.pdf.  Petitioner then sought leave to appeal to the Michigan Supreme Court.  That court denied leave by order entered July 6, 2021. *People v. Littlejohn*, 961 N.W.2d 193 (Mich. 2021).

Petitioner filed the instant petition in the United States District Court for the Eastern District of Michigan.  By order entered August 24, 2021, that court transferred the petition here, where venue is proper.  Petitioner contends that the Michigan courts unconstitutionally denied his motion for bond pending appeal.

---

[5] The trial court had denied a substantive motion for relief from judgment by order entered August 29, 2019. *See* https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx?SearchType=1&CaseNumber=352538&CourtType_CaseNumber=2 (visited August 30, 2021).  Petitioner filed an application for leave to appeal that decision to the Michigan Court of Appeals on January 31, 2020. *Id*.  The application was denied on May 1, 2020. *Id*.  Petitioner took no further action and his time to file an application for leave to appeal to the Michigan Supreme Court expired during June of 2020, before the trial court denied his motion for release on bond pending appeal.

**II.     AEDPA standard**

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Sterner v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–47 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "[I]f a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits." *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"— for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id*. (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

### III. Availability of § 2254 relief for unconstitutional conditions of confinement

Petitioner's request for relief is not a typical habeas petition. The Supreme Court has made clear that constitutional challenges to the fact or duration of confinement are the proper subject of a habeas corpus petition rather than a complaint under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Constitutional challenges to the conditions of confinement, on the other hand, are proper subjects for relief under 42 U.S.C. § 1983. *Id*. The *Preiser* Court, however, did not foreclose the possibility that habeas relief might be available even for conditions of confinement claims:

> This is not to say that habeas corpus may not also be available to challenge such prison conditions. *See Johnson v. Avery*, 393 U.S. 483, (1969); *Wilwording v. Swenson, supra*, at 251 of 404 U.S. . . . When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas

7

>   corpus will lie to remove the restraints making the custody illegal. *See* Note, Developments in the Law—Habeas Corpus, 83 Harv. L. Rev. 1038, 1084 (1970).[]

*Preiser*, 411 U.S. at 499 (footnote omitted).

But, the Court has also never upheld a "conditions of confinement" habeas claim. Indeed, in *Muhammad v. Close*, 540 U.S. 749 (2004), the Court acknowledged that it had "never followed the speculation in *Preiser* . . . that such a prisoner subject to 'additional and unconstitutional restraints' might have a habeas claim independent of § 1983 . . . ." *Id*. at 751 n.1.

The Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("'Petitioner in this case appears to be asserting the violation of a right secured by the federal Constitution or laws by state prison officials. Such a claim is properly brought pursuant to 42 U.S.C. § 1983.'"); *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013) ("The criteria to which Owens refers involves the conditions of his confinement . . . . This is not the proper execution of sentence claim that may be pursued in a § 2254 petition."); *Hodges v. Bell*, 170 F. App'x 389, 392-93 (6th Cir. 2006) ("Hodges's complaints about the conditions of his confinement . . . are a proper subject for a § 1983 action, but fall outside of the cognizable core of habeas corpus relief."); *Young v. Martin*, 83 F. App'x 107, 109 (6th Cir. 2003) ("It is clear under current law that a prisoner complaining about the conditions of his confinement should bring suit under 42 U.S.C. § 1983."). Petitioner's claims regarding the constitutionality of his custody in the prison because of risks posed by COVID-19 are principally claims regarding the conditions of his confinement. Such claims should be raised by a complaint for violation of 42 U.S.C. § 1983.

However, the relief Petitioner seeks—release from custody—is available only upon habeas corpus review. "The Supreme Court has held that release from confinement—the remedy

8

petitioner[] seek[s] here—is 'the heart of habeas corpus.'" *Wilson*, 961 F.3d at 868 (quoting *Preiser,* 411 U.S. at 498).[6] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser*, 411 U.S. at 484 (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Undoubtedly, for that reason, Petitioner has sought habeas relief.

Petitioner's decision to pursue habeas relief, however, circumscribes the relief available. *Wilson*, 961 F.3d at 837. Even if there might be conditions of confinement, short of release, that would mitigate the risk—and eliminate the cruel or unusual character of the punishment—it is not within this Court's habeas jurisdiction to grant such relief. *Id*. A claim seeking relief other than release is properly brought under 42 U.S.C. § 1983.

The fact that Petitioner seeks release requires that he pursue such relief by way of a petition for habeas corpus. For release to be a viable remedy, however, he must demonstrate that "no set of conditions [of confinement] would be constitutionally sufficient . . . ." *Wilson*, 961 F.3d at 838. The petition does not make any averments that would permit the Court to infer that the ***present*** conditions of Petitioner's confinement are constitutionally insufficient or that they cannot be made constitutionally sufficient. Petitioner's pleadings in his prior cases offered some underlying facts and his present petition refers back to the conditions he faced in the spring and summer of 2020; but whatever the constitutional sufficiency of the conditions of Petitioner's confinement might have been in the spring and summer of 2020, when he filed *Littlejohn I*, *II*, and *III*, they are very different today. As of August 25, 2021, the MDOC reports that AMF has no

---

[6] The *Wilson* petitioners were federal prison inmates who brought habeas claims under 28 U.S.C. § 2241 similar to those claims brought by Petitioner.

active positive cases of COVID-19.  *See* https://medium.com/@MichiganDOC/mdoc-takes-steps-to-prevent-spread-of-coronavirus-covid-19-250f43144337 (visited Aug. 30, 2021).[7]  Under those circumstances, there is nothing in the petition to suggest that the conditions of Petitioner's confinement require the extraordinary remedy of release.  For that reason, the petition falls outside the narrow boundaries of appropriate "conditions of confinement" habeas claims identified in *Wilson*, and it is properly dismissed.

## IV. No constitutional right to bond pending appeal

In *Bloss v. Michigan*, 421 F.2d 903 (6th Cir. 1970), the court described the federal constitutional protections afforded to the right to bail as follows:

> The right to bail under the Eighth Amendment to the United States Constitution prior to conviction is not absolute. . . .  As we have previously noted, bail after conviction is discretionary in Michigan. . . .  Similarly, bail pending appeal from a federal conviction has been held to be discretionary. . . .  A state prisoner has no absolute federal Constitutional right to bail pending appeal.

*Id*. at 905 (citations omitted); *see also Dennany v. Abramajtys*, No. 93-2501, 1994 WL 545323, at *1 (6th Cir. Oct. 5, 1994) ("Dennany simply has no federal constitutional right to bail pending appeal.") (citing *Bloss*); *Armengau v. Bradley*, No. 16-3977, 2018 WL 4008371, at *2 (6th Cir. Mar. 22, 2018) (""[T]here is no federal constitutional right to bail pending appeal.") (citing *Bloss*).

---

[7] Although the page is hosted on Medium.com, the MDOC specifically links to this page from their website as the location where they will provide updates and information.  *See* https://www.michigan.gov/corrections/ (last visited August 30, 2021).  The Court takes judicial notice of these facts under Rule 201 of the Federal Rules of Evidence.  The accuracy of the source regarding this specific information "cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see also* Paul F. Rothstein, *Federal Rules of Evidence* 49 (3d ed. 2019) (citing *Matthews v. NFL Mgmt. Council*, 688 F.3d 1107 (9th Cir. 2012) (taking judicial notice of statistics on the NFL website that the plaintiff played 13 games in California over 19 years); *Victaulic Co. v. Tieman*, 499 F.3d 227, 236–37 (3d. Cir. 2007), *as amended* (Nov. 20, 2007) (finding error where a district court took judicial notice of facts stated in "a party's . . . marketing material" on an "unauthenticated" website because marketing materials often lack precise and candid information and the source was not authenticated)).  Moreover, "[t]he court may take judicial notice at any stage of the proceeding." Fed. R. Evid. 201(d) (emphasis added).  Thus, the Court may take judicial notice even at this early juncture because the Court is permitted to take judicial notice *sua sponte*, Fed. R. Evid. 201(c)(1), and "the fact is not subject to reasonable dispute," Fed. R. Evid. 201(b).

Petitioner seems to implicitly acknowledge that the denial of his motion for release on bond does not violate the federal constitution. His petition finds fault with the denial because it violated state statutes and court rules. The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry into whether the state courts complied with state law "is no part of the federal court's habeas review of a state conviction . . . [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id*. at 67–68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. at 68. Specifically in the context of denial of bond pending appeal, the Sixth Circuit has stated that "a federal court does not sit in appellate review of a state court's exercise of judicial discretion in its denial of bail." *Armengau*, 2018 WL 4008371, at *2.

Moreover, Petitioner does not explain how the state courts' denials of his bond motions violated the court rule he cites. Michigan Court Rule 7.209 states only that "[i]n a criminal case the granting of bond pending appeal and the amount of it are within the discretion of the trial court, subject to applicable law and rules." Mich. Ct. R. 7.209(B)(2). The applicable law, in turn, states:

> (1) A defendant convicted of an assaultive crime and awaiting sentence shall be detained and shall not be admitted to bail unless the trial court finds by clear and convincing evidence that the defendant is not likely to pose a danger to other persons and that section 9b of this chapter does not apply.
>
> (2) A defendant convicted of an assaultive crime and sentenced to a term of imprisonment who has filed an appeal or an application for leave to appeal shall be detained and shall not be admitted to bail unless the trial court or the court to which the appeal is taken finds by clear and convincing evidence that section 9b of this chapter does not apply and that both of the following exist:
>
>   (a) The defendant is not likely to pose a danger to other persons.

11

(b) The appeal or application raises a substantial question of law or fact.

Mich. Comp. Laws § 770.9a.[8] The Sixth Circuit concluded that this statute "[did] not contain a mandatory imperative giving rise to a legitimate expectation of bail . . . ." *Dennany*, 1994 WL 545323 at *1.

Nor does Petitioner explain how the state courts' denial ran afoul of the statutory requirements. And, even if he did, the Court is bound by the state courts' determinations that bond was properly denied. The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.").

Where there is no federal constitutional right to bail Petitioner cannot show that the state court's denial of bail was contrary to, or an unreasonable application of, clearly established federal law. *Armengau*, 2018 WL 40083714, at *2 ("[B]ecause there is no federal constitutional right to bail pending appeal . . . the state court's denial of [Petitioner's] motion for bail did not result in an unreasonable application of federal law."). Accordingly, Petitioner is not entitled to habeas relief.

**V.     Petitioner's claim regarding the denial of bail pending appeal is moot**

The federal habeas statute gives this Court jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). The Supreme Court has clarified "that the habeas petitioner must be 'in custody' under the conviction or sentence

---

[8] Petitioner's crimes of murder and armed robbery are included in the statutory list of "assaultive crimes." Mich. Comp. Laws § 770.9a(3).

under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S.234, 238 (1968).

The petition here attacks the state courts' denials of Petitioner's motions for release on bond pending appeal. Even if it could be said that, during his appeals, the denial of such a motion was the cause of Petitioner being "in custody," that can certainly no longer be the case because Petitioner's appeals are complete. Even if the Court were to conclude that Petitioner's motion for release pending appeal was wrongfully denied, he would no longer be entitled to release. The temporary entitlement to release would have expired when his appeals concluded unsuccessfully. Now, Petitioner is not "in custody" because his motion for release pending appeal was denied, he is only "in custody" because of the sentences imposed following his convictions almost 40 years ago. The validity of those convictions is not challenged by this petition. Any claim relating to the denial of bond pending appeal—at least in a habeas corpus proceeding—is moot.

## VI. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state-court remedies and denying a certificate of appealability.


Dated: __October 5, 2021__         /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE